■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WHEELER, Appellant.— Appeal by defendant from an order of the County Court, Kings County, dated March 15, 1960, denying, without a hearing, his *coram nobis* application to vacate a judgment of said court, rendered December 18, 1950, convicting him, on his plea of guilty, of assault in the second degree with intent to commit sodomy, and sentencing him to serve a term of one day to life. Order reversed on the law and the facts, and application remitted to the County Court, Kings County, for a hearing upon the merits. On the allegations of the petition, which are not formally denied, and upon the consent of the District Attorney, the application should be decided after a plenary hearing. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARNEY WOLFSON, Appellant.— Appeal by defendant from an order of the County Court, Kings County, entered July 27, 1960, dismissing his *coram nobis* application, without a hearing. Upon the stipulation of the attorney for the defendant and the District Attorney, dated June 12, 1961, the appeal is withdrawn. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ ALICE TAAFFE, Appellant, v. JACOB D. TURNER, Respondent.— In an action to rescind a lease on the ground of fraud or in the alternative for a declaratory judgment that the lease is void for indefiniteness, plaintiff appeals from an order of the Supreme Court, Queens County, dated January 3, 1961, denying her motion for summary judgment (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ RALPH VITALE, Appellant, v. WALTER DEMPSEY, Respondent.— In an action for specific performance of an agreement to sell a parcel of unimproved real estate in Nassau County, plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, dated December 8, 1960, granting defendant's motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment, dismissing the complaint and canceling the *lis pendens*; and (2) from the judgment, dated December 30, 1960, entered upon said order. Order and judgment affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.